29474. DOLVIN *v.* HALL.

SUTTON, J. 1. Where an owner sold to another an automobile "for cash," and as part payment received from him a check for $350, and allowed him to deal with the property as his own by borrowing thereon in his own name $350 from a finance company, and accepted as the balance of

the purchase price its check for the proceeds of the loan, secured by a bill of sale of the automobile and executed by the purchaser, all with the knowledge and consent of the seller, ·who thereupon delivered the automobile to the purchaser, the seller was estopped, as against the finance company, from asserting that the purchaser was not the owner of the automobile.

2. Where, after being allowed to so deal with the property as his own, the purchaser sold the automobile to a third party for a stated amount of cash and the assumption of and payment by him of the loan due the finance company, and the second purchaser in fact paid off such indebtedness, and the finance company transferred in writing to him the "title and interest" in the bill of sale which it held and "the property therein described," the automobile in question, and when the check given to the original seller as part payment, after being deposited in the first purchaser's bank, was returned for lack of sufficient funds, the payee, the original seller, brought an action of trover to recover the automobile from the second purchaser, the judge did not err in directing a verdict for the defendant, inasmuch as by the transfer to him by the finance company of the bill of sale and title to the automobile he succeeded to all of the rights of the finance company, and the trover suit could not be maintained against him any more than against the finance company. This is true although there was evidence before the court which would authorize a jury to find that the defendant, before he purchased the automobile, was informed by the original seller that he held the first purchaser's check for $350 in part payment for the automobile, and which at that time had not been presented to the bank for payment.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*

DECIDED JUNE 6, 1942.

*Homer C. Denlon,* for plaintiff.

*Powell, Goldstein, Frazer & Murphy, James K. Rankin,* for defendant.

